UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| MATTHEW WAYNE SORRELLS | ) | |
|---|---|---|
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 4:10-cv-80 |
| | ) | *Mattice* |
| | ) | |
| CHERRY LINDAMOOD, Warden | ) | |
| | ) | |
| *Respondent.* | ) | |

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Matthew Wayne Sorrells ("petitioner"). The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent. Petitioner has not filed a response to the motion to dismiss and the court deems petitioner to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Court File No. 11] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner challenges his 2006 conviction for second degree murder in the Criminal Court of Bedford County, Tennessee. The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has

provided the court with copies of the relevant documents pertaining to petitioner's judgment of conviction and post-conviction proceedings. [Court File No. 12, Memorandum of Law in Support of Motion to Dismiss, Attachments 1-5].

Petitioner pleaded guilty to second degree murder and, by a Judgment entered December 11, 2006, was sentenced to 17 years in prison. [Attachment 1, Judgment]. Petitioner did not appeal his sentence, but he did file a petition for post-conviction relief. The post-conviction petition was signed by petitioner, and his signature notarized, on October 30, 2007. [Attachment 2, Post-Conviction Petition]. October 30, 2007, was thus the earliest date that the post-conviction petition could have been filed.

The petition for post-conviction relief was denied after an evidentiary hearing and the Tennessee Court of Criminal Appeals affirmed. *State v. Sorrells*, 2009 WL 1515061 (Tenn. Crim. App. June 1, 2009) [Attachment 4], *perm. app. denied, id*. (Tenn. Oct. 19, 2009) [Attachment 5]. Petitioner filed the pending habeas corpus petition on October 15, 2010.[1] The respondent moves to dismiss the petition based upon the statute of limitation.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed

---

[1] The petition was received by the Clerk's Office in the Middle District on October 18, 2010, and transferred to this court. However, the envelope bears a stamp showing it was post-marked on October 15, 2010. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Because petitioner did not appeal his conviction, the conviction became final on January 10, 2007, which was 30 days after imposition of sentence. *See State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) ("[W]e hold that a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence."). The statute of limitation commenced running at that time.

Petitioner's state post-conviction petition tolled the running of the statute of limitation, but only while it was pending. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

The state post-conviction petition was filed on October 30, 2007, at which time 293 days of the one-year statute of limitations had elapsed, leaving 72 days for filing a federal habeas corpus petition. The Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief on October 19, 2009, and the statute of limitation resumed running on that date. *See Dunlap v. State*, 2001 WL 1231507 at *3 (Tenn. Crim. App. October 12, 2001), *perm. app. denied, id*. (Tenn. May 6, 2002) (state court decision becomes final on the date the Tennessee Supreme Court either files its opinion or denies permission

to appeal; the 30 days after judgment for the mandate to issue does not apply to toll a statute of limitation).

As noted, petitioner had 72 days, or until December 30, 2009, to seek federal habeas corpus relief. Petitioner's habeas corpus petition was not filed until October 15, 2010. Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

The motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

                                               */s/Harry S. Mattice, Jr.*
                                               HARRY S. MATTICE, JR.
                                               UNITED STATES DISTRICT JUDGE